# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: HILL PHOENIX, INC
SVE CORPORATION SERVICE
COMPANY
BANK OF AMERICA CENTER,16TH FL
1111 EAST MAIN STREET
RICHMOND VA 23219

Case No. 760CL16002697-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, June 09, 2016

Clerk of Court: EDWARD F JEWETT

by *Marlene Johnson*
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: SIMONSEN, DAVID R; JR
804-285-1337



**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**
**John Marshall Courts Building**

| | |
|---|---|
| **JAMES A. WASHINGTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. _____ |
| ) | |
| **HILL PHOENIX, INC.** ) | |
| ) | |
| Serve: Corporation Service Company ) | |
| Bank of America Center ) | |
| 16th Floor ) | |
| 1111 East Main Street ) | |
| Richmond, VA 23219 ) | |
| (City of Richmond) ) | |
| ) | |
| Defendant. ) | |

### Complaint

Plaintiff James A. Washington ("Washington"), by counsel, files this Complaint against defendant Hill PHOENIX, Inc. ("Hill Phoenix").

### Introduction

1. Washington is a former employee of Hill Phoenix against whom Hill Phoenix willfully, with malice or reckless indifference to Washington's federally protected rights, discriminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); and in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by, *inter alia*, the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("ADA").

-1-

## Parties

### Plaintiff

2. Washington is a former employee of Hill Phoenix.

3. Since before his employment with Hill Phoenix, Washington has had a permanent impairment which is a "disability" as "disability" is defined in § 3 of the ADA, 42 U.S.C. § 12102.

4. Since before his employment with Hill Phoenix, Washington has been a "qualified individual with a disability" as defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).

### Defendant

5. Hill Phoenix is a Delaware corporation with its principal office in Conyers, Georgia.

6. During his employment, Washington's primary place of work was at a Hill Phoenix facility located at 1301 Battery Brooke Parkway, North Chesterfield, Virginia, within the County of Chesterfield.

7. Throughout Washington's employment with Hill Phoenix, and continuing to the present time, Hill Phoenix has been an employer subject to the requirements of the ADEA and ADA.

8. Throughout calendar year 2014, and continuing in calendar year 2015, and through the present time, Hill Phoenix has employed more than 500 employees.

9. Throughout Washington's employment with Hill Phoenix, and continuing to the present time, Hill Phoenix has been a "covered entity" and an "employer" as defined in § 101(2) and (5)

of the ADA, 42 U.S.C. § 12111(2) and (5).

10. During Washington's employment with Hill Phoenix, and continuing to the present time, Hill Phoenix had actual knowledge that it was subject to the requirements and prohibitions of the ADEA and ADA with regard to its treatment of Washington as an employee of Hill Phoenix.

### Facts

11. Washington was born in 1953.

12. Washington served in the United States Marine Corps and has a service related disability.

13. On or about November 19, 2007, Hill Phoenix hired Washington as an employee to work at Hill Phoenix's facility located at 1301 Battery Brooke Parkway, North Chesterfield, Virginia, within the County of Chesterfield.

14. Washington was hired as a Loader and was later promoted to Shipping Lead.

15. Washington's disability did not affect his ability to work for Hill Phoenix, and Washington did not seek any accommodation during his employment.

16. In late January 2015, Norris Evans, who is approximately 45 years old, became Washington's supervisor.

17. Within approximately a week of becoming Washington's supervisor, Evans told Washington, who was 61 years old at the time, that his job as Shipping Lead on the second shift was going to be eliminated.

18. Evans also stated that since Washington was coming up on retirement that Washington should go ahead and retire.

19. Washington told Evans that he did not want to retire. Evans responded by stating that Washington was coming up on retirement, plus Evans said "you are a disabled vet."

20. Evans also stated that "We need people that are going to be here for the long haul."

21. Washington and Evans had several similar conversations over the next two to three weeks. During these conversations, Evans said that Washington should retire and make room for younger people. During these conversations, Washington continued to inquire about the availability of other jobs since he had been told that his job was to be eliminated.

22. On February 24, 2015, shortly after Washington arrived at work, he was informed by Calvin Knight, who is approximately 45 years old and who was the Shipping Lead on the first shift, that Knight understood that there was to be only one shift and that Knight was to be the Shipping Lead on the one shift.

23. Washington went to his supervisor, Evans, to find out if this information was correct. Evans confirmed that there was to be only one shift and that Knight was the Shipping Lead on the one shift.

24. Evans told Washington at this time on February 24, 2015, that "We need people who are going to be here for the long haul… you're not going to be here that long anyway because you

-4-

are coming up on retirement, plus you are disabled and get a check; just go ahead and step aside."

25. On February 24, 2015, Washington asked Evans about the availability of other jobs but Evans told Washington that there were no other jobs for him. Washington asked Evans about his status with Hill Phoenix and Evans again told Washington that Evans did not have anything for him.

26. When Washington indicated to Evans that he was not sure what Evans was telling him, Evans then told Washington that he was fired and asked for Washington's badge.

27. Washington did not voluntarily quit his employment with Hill Phoenix; Hill Phoenix discharged Washington - terminating Washington's employment with Hill Phoenix - on February 24, 2015.

28. To the extent that Evans has stated to anyone that Washington voluntarily quit on February 24, 2016, Evans is not being truthful.

29. Around the same time that Evans became Washington's supervisor, the job of Traffic Coordinator was created in the Shipping Department. Contrary to normal policy and procedure, this position of Traffic Coordinator was neither advertised nor posted in the facility, although a "Job Posting" document had been prepared. Evans assigned this job to April Royal, who was approximately 37 years old and who had no previous experience in shipping.

30. Washington was qualified for and able to do the job of Traffic Coordinator.

31. On or about February 24, 2015, two men, both of whom are younger than Washington, were transferred from another facility of Hill Phoenix to fill two vacancies for Loaders in the Shipping Department. Washington was qualified for and able to do the work of a loader.

32. Neither Evans nor any other employee of Hill Phoenix asked Washington if he had interest in any such Loader job, as an alternative to being fired.

33. On information and belief, after Washington's employment was terminated, the work that he had been doing was done by Calvin Knight and then by James [last name unknown], who is approximately 40 to 45 years old.

34. On information and belief, Washington was the only person working in the Shipping Department at the Battery Brooke Parkway facility who is a disabled veteran.

35. It was common knowledge among the employees in the Shipping Department, specifically including Evans who had such knowledge, that Washington was a disabled veteran who received benefits because of his service related disability.

36. The supposed elimination of Washington's job position was a false pretext to fire Washington because of his age and because he was disabled.

37. Washington was qualified for and could have performed the jobs of Traffic Coordinator or Loader.

38. Washington was not offered nor assigned to the jobs of Traffic Coordinator or Loader because of his age and because of his disability.

**Procedural History**

39. On or about July 8, 2015, Washington filed a charge of discrimination (EEOC Charge No. 438-2015-00908) against Hill Phoenix with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Council on Human Rights.

40. Washington's charge of discrimination alleged violations of the ADEA and ADA, specifically, the charge alleged that Hill Phoenix's termination of his employment was in violation of the ADEA and ADA.

41. On May 4, 2016, the EEOC issued and mailed a Notice of Right to Sue to Washington.

42. Washington is filing this action within ninety (90) days of the issuance of the Notice of Right to Sue.

**Statement of Causes of Action**

**ADEA**

**Count 1: Age Discrimination: Hostile Environment**

43. Hill Phoenix willfully subjected Washington to adverse terms and conditions of employment, specifically with regard to the discriminatory remarks made to him, eliminating his job and

not allowing him to transfer to a new position for which he was qualified in violation of the ADEA; as the result of such unlawful conduct, Washington has suffered the loss of employment, lost wages, lost benefits, and future pecuniary loss.

**Count 2: Age Discrimination: Wrongful Discharge**

44. Hill Phoenix wrongfully discharged Washington because of his age in violation of the ADEA; as a result of such unlawful conduct Washington has suffered loss of employment, lost wages, lost benefits, and future pecuniary loss.

### ADA

**Count 3: Unlawful Harassment Because of a Disability**

45. Acting with malice or with reckless indifference to Washington's federally protected rights, Hill Phoenix harassed and discriminated against Washington by treating him differently in the terms and conditions of his employment than employees without disabilities, in violation of § 102(a) of the ADA, 42 U.S.C. § 12112(a); as the result, Washington has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**Count 4: Wrongful Discharge Because of Disability**

46. Acting with malice or reckless indifference to Washington's federally protected rights, Hill Phoenix terminated Washington's employment because of Washington's disability, in

violation of § 102(a) of the ADA, 42 U.S.C. § 12112(a); as the result, Washington has suffered lost employment, lost wages, lost benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Jury Demand

47. Washington requests trial by jury.

### Relief Requested

WHEREFORE, Washington asks that this Court enter Judgment in his favor against Hill Phoenix, awarding him the following relief:

48. Reinstatement to the position that Washington would now hold with Hill Phoenix but for Hill Phoenix's wrongful conduct, with all seniority and benefits restored; or, in the alternative, if reinstatement is found impractical or impossible, such front pay as the evidence supports;

49. His lost wages and benefits;

50. Compensatory damages in the amount of $300,000;

51. Punitive damages in the amount of $300,000;

52. His costs and reasonable attorney's fees including all reasonable expenses incurred;

53. Pre- and post- judgment interest; and

54. Such other and further relief as is proper.

Dated this 9th day of June, 2016.

                                      Respectfully Submitted,

                                      JAMES A. WASHINGTON

                           By: _____
                                   Counsel

David R. Simonsen, Jr.
Virginia Bar Number 20078
Vickey A. Verwey
Virginia Bar Number 20267
**Attorneys for Plaintiff**
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Tel: (804) 285-1337
Fax: (804) 285-1350
Email: DSimonsenJ@aol.com
Email: VAVerwey@aol.com